UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIKE HENRY ROLLINS, | ) | |
| No. 271687, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-00785 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| BETH WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

The plaintiff, an inmate of the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Beth Williams, Parole Hearings Director of the State of Tennessee Board of Parole, and Helen Ford, Parole Administrator. (Docket No. 1). The plaintiff seeks $250,000 in damages and a "change in the conditions of his parole." (*Id.* at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges,

2

or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The plaintiff was arrested on two occasions in 2014 for domestic assault. Those arrests led to the revocation of his parole on January 9, 2015. According to the plaintiff, the arrests were later expunged. The plaintiff then sought an appeal of the revocation of his parole, and that appeal was denied on March 23, 2015. The plaintiff believes he has been treated unfairly. (Docket No. 1 at p. 5).

## IV. Analysis

To the extent that the plaintiff sues Beth Williams in her official capacity (Docket No. 1 at p. 2), he has no claim. A suit against a state employee in her official capacity is a suit against the state agency. *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). *See also Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989) (even *pro se* plaintiff must state whether suit is in personal or official capacity). A suit against the Board of Paroles is actually a suit against the state of Tennessee. *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L.Ed.2d 67 (1984). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky,* 473 U.S. 159; *Pennhurst,* 465 U.S. 89; *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979). Furthermore, a state is not a person within the meaning of section 1983. *Will v. Michigan*, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). The plaintiff's claims against the

state of Tennessee are therefore barred by the Eleventh Amendment and do not fall within the purview of section 1983. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment, citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)).

Defendants Beth Williams, a parole hearing director, and Helen Ford, a parole administrator, are likewise absolutely immune from damages liability. *See id.* (citing *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990) ("[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers."); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir.1996) (holding that a hearing examiner and probation officer who recommended delay of parole were entitled to absolute immunity); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994) (holding that probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and are entitled to absolute immunity)). Thus, the complaint fails to state claims against Williams and Ford upon which relief can be granted.

Finally, to the extent that the court could construe Rollins' complaint as one seeking review of the Parole Board's substantive decision to deny Rollins' appeal of the Board's decision to revoke his parole, he seeks relief that is only available through a habeas petition, not under section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir.1985). There is no cause of action under section 1983 for false imprisonment until the state sentence under which the prisoner is confined is set aside. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 2369, 129 L.Ed.2d 383 (1994). Even if Rollins' complaint could be construed as an attempt to seek habeas relief, his complaint must be dismissed. 28 U.S.C. § 2254 is the means by which state prisoners may attack their confinement in state custody

4

under a state court conviction.

**V.      Conclusion**

Accordingly, this action will therefore be dismissed based on the defendants' absolute immunity from damages.  28 U.S.C. § 1915(e)(2).  The action is dismissed without prejudice to the plaintiff's ability to file a habeas petition seeking release from state custody.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge