UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIKE HENRY ROLLINS, | ) | |
|     No. 271687, | ) | |
| | ) | |
|     Plaintiff, | ) | No. 3:15-cv-00785 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| BETH WILLIAMS, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## O R D E R

Plaintiff Mike Henry Rollins, an inmate of the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 against Beth Williams, Parole Hearings Director of the State of Tennessee Board of Parole, and Helen Ford, Parole Administrator. (Docket No. 1). The Plaintiff has filed an application to proceed *in forma pauperis.* (Docket No. 2).

Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from his submissions that the Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Docket No. 2) is hereby **GRANTED**.

Under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the Plaintiff's inmate trust fund account at the institution where he now

1

resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the Plaintiff's account; or (b) the average monthly balance in the Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Montgomery County Jail to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the Plaintiff to his new place of confinement for continued compliance with this order.

The Court has reviewed the complaint pursuant to the Prison Litigation Reform Act and, for

the reasons explained more fully in the memorandum entered contemporaneously herewith, finds that the complaint fails to state a claim upon which relief can be granted. Accordingly, this case is hereby **DISMISSED**. 28 U.S.C. § 1915A.

This order constitutes final judgment in this case.

It is so **ORDERED.**

*Todd Campbell*
Todd J. Campbell
United States District Judge